NOT DESIGNATED FOR PUBLICATION

No. 114,209

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
TIM KUKOVICH.

MEMORANDUM OPINION

Appeal from Pawnee District Court; JULIE COWELL, magistrate judge. Opinion filed December 2, 2016. Appeal dismissed.

*Mary Curtis* and *Catherine Johnson*, of Disability Rights Center of Kansas, of Topeka, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee/intervenor.

Before PIERRON, P.J., ATCHESON and ARNOLD-BURGER, JJ.

*Per Curiam*:  After the Crawford County District Court found Tim Kukovich incompetent to be tried on a serious felony, the Pawnee County District Court involuntarily committed him for inpatient mental health treatment at Osawatomie State Hospital. Kukovich appealed the commitment order. About 3 months after the order was entered, the Miami County District Court reviewed Kukovich's hospitalization as required by K.S.A. 59-2969, determined he no longer met the requirements for involuntary commitment, and directed that he be released. Under the circumstances, we hold Kukovich's appeal to be moot and, therefore, dismiss it.

1

Given our disposition of the appeal, we dispense with a detailed recounting of the factual and procedural history. The parties know that information well. And, as we discuss, the record on appeal is unusually terse.

Kukovich was charged in Crawford County with rape based on an accusation of a teenaged girl who said he had sexually assaulted her years earlier. As we understand matters, law enforcement officers were unable to find any directly inculpatory or exculpatory evidence given the lapse of time between the alleged incident and the report. Kukovich has been diagnosed with "autism spectrum disorder," a chronic mental condition, and has an IQ in the 50s. He is by all accounts profoundly impaired intellectually. As we indicated, the Crawford County District Court found Kukovich to be incompetent to be tried in conformity with the standards in K.S.A. 22-3301(1). The expert who evaluated Kukovich was of the view that he would not likely become competent in the foreseeable future. The Crawford County Attorney has since dismissed the criminal charge against Kukovich without prejudice.

In the meantime, the State initiated an involuntary commitment proceeding against Kukovich in the Pawnee County District Court. After a hearing in June 2015, the Pawnee County District Court issued a commitment order under K.S.A. 2015 Supp. 22-3303 and the Care and Treatment Act for Mentally Ill Persons, K.S.A. 59-2945 *et seq.* The order required Kukovich's commitment be judicially reevaluated at 3-month intervals. Kukovich was hospitalized at the state facility in Osawatomie, so it fell to the Miami County District Court to handle the periodic evaluations. On the first review in September 2015, the Miami County District Court ordered Kukovich be released because he "is not likely to be a harm to himself or others at this time."

We have before us Kukovich's challenge to the original commitment order from the Pawnee County District Court. He contends that the court erroneously committed him for treatment and asks that the order be reversed. But events have outstripped the appeal,

since Kukovich is no longer involuntarily committed under the Care and Treatment Act. Even if we were disposed to find for Kukovich, any ruling we issued would not affect the present legal rights of the parties. That is the hallmark of a moot case. A dispute becomes moot when "the actual controversy has ended" and a judgment "would not impact any of the parties' rights." *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009). Courts refrain from deciding moot issues because any ruling effectively amounts to an impermissible advisory opinion. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, Syl. ¶ 15, 179 P.3d 366 (2008) (A court will not consider issues that have become moot.); 285 Kan. 875, Syl. ¶¶ 10-11 (A court exercises its authority "only when [a] question is presented in an actual case or controversy between the parties"; "[c]ourts do not have the power to issue advisory opinions.").

Mootness, however, does not impose a jurisdictional bar. It is, rather, a permissive rule of justiciability. See *State v. DuMars*, 37 Kan. App. 2d 600, 605, 154 P.3d 1120, *rev. denied* 284 Kan. 948 (2007). In his appellate brief, Kukovich argues he has raised issues that are both of public importance and capable of repetition, thereby bringing his case within a limited exception to the mootness doctrine. 37 Kan. App. 2d at 605. Kukovich contends that his impairments are cognitive disabilities rather than a form of mental illness amenable to therapeutic care or treatment. So, he says, he does not meet the definition of a mentally ill person subject to involuntary commitment. And, he says, he or similarly situated individuals may be impermissibly committed in the future unless we decide the issues he has raised.

Even if we were disposed to disregard the obvious mootness of this case (and we aren't), the exceptionally limited record does not favor a judicial effort to address the substantive points Kukovich outlines. The parties did not request a record of the commitment hearing in Pawnee County District Court, so we have no transcript. The parties, instead, have prepared an 8-paragraph summary of the proceeding. We have no transcript from the hearing in the Miami County District Court resulting in Kukovich's

3

discharge from Osawatomie State Hospital. The record, therefore, does not present a complete picture of Kukovich's mental capacity and mental health. The information about the nature of Kukovich's impairments seems, at best, fragmentary. We are disinclined to take up otherwise moot issues that purport to be of precedential importance to future cases when the available record fails to adequately develop what we see as the necessary factual predicates from which to fashion a sound ruling.

Kukovich also suggests we ought to consider his appeal because he has been socially stigmatized by the criminal charges and his involuntary commitment under the Care and Treatment Act. Neither suggestion persuades us that we should take up the merits of Kukovich's appeal. A ruling in his favor wouldn't provide much more of a restorative than he has already received. The Miami County District Court ruling certainly indicates Kukovich is not dangerous. He otherwise would not have been released. Even a ruling we might make reversing the original commitment order would simply underscore that assessment.

This appeal provides no platform for addressing the merits of the criminal charge. But Kukovich finds himself in the same posture as anyone else who has been charged with a serious criminal offense only to have the prosecutor dismiss the charge. The dismissal denies the person charged a day in court to secure a not guilty finding from either a judge or jury. As a result, clouds of suspicion may linger. The judicial process offers no mechanism to dispel those clouds. In reality, though, even a not guilty verdict stops well short of actual vindication; it simply signals that the judge or jury was not convinced beyond a reasonable doubt of the defendant's guilt.

In short, we find Kukovich's appeal to be moot. This case does not otherwise offer a good vehicle for taking up the issues Kukovich presses upon us.

Appeal dismissed.